UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM T. DUNCAN,

        Plaintiff,

v.

        Case No. 08-11067
        Hon. Gerald E. Rosen
        Magistrate Judge Steven D. Pepe

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        August 31, 2009

PRESENT: Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

On February 18, 2009, Magistrate Judge Steven D. Pepe issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Kim T. Duncan's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on February 27, 2009. The Court has now reviewed the R & R, Plaintiff's objections, the parties' underlying motions, and the remainder of the record. For the reasons discussed briefly below, the Court concurs in the Magistrate Judge's analysis, and adopts the R & R as the opinion of this Court.

Plaintiff has lodged three objections, all directed at the Magistrate Judge's determinations that the Administrative Law Judge ("ALJ") "considered appropriate factors in assessing Plaintiff's credibility" and that this credibility assessment "is supported by substantial evidence in the record."  (R & R at 15.)  First, Plaintiff submits that while none of her physicians made a medical determination that she needed to lie down for relief from her back condition, her self-reported need to do so nonetheless "was not questioned by her treating physicians."  (Plaintiff's Objections at 2.)  Be that as it may, the Magistrate Judge properly observed that this self-reported need to lie down, even if echoed in the records of her physicians, did not support Plaintiff's "claim[] that there exists *medical documentation* that she obtained relief from lying down," and thus did not qualify as objective medical evidence that would tend to support the credibility of Plaintiff's testimony regarding her pain and limitations.  (R & R at 11 (emphasis added).)  It was appropriate for the ALJ to rely on this absence of supporting medical evidence as a basis for discounting Plaintiff's claimed need to lie down.

Plaintiff next contends that it was inappropriate for the Magistrate Judge to cite her receipt of unemployment benefits as a permissible basis for the ALJ to discount her credibility.  In support of this argument, Plaintiff cites case law cautioning against an excessive reliance on applications for unemployment benefits in assessing a claimant's credibility or in making the overarching determination of a claimant's eligibility for disability benefits.  *See, e.g., Kinsella v. Schweiker,* 708 F.2d 1058, 1066 (6th Cir. 1983) (Swygert, J., dissenting) (opining that "in the context of all the evidence, it was

unreasonable to infer that [the claimant's] application for [unemployment] benefits diminished the credibility of [her] complaints of pain");[1] *Spencer v. Bowen,* 798 F.2d 275, 278 (8th Cir. 1986). Yet, the courts also have recognized that a claimant's application for or receipt of unemployment benefits may appropriately be considered as a factor in assessing the claimant's credibility. *See, e.g., Schmidt v. Barnhart,* 395 F.3d 737, 746 (7th Cir. 2005) (explaining that while the application for and receipt of unemployment benefits may not be "proof positive" of a claimant's ability to work, "we are not convinced that a Social Security claimant's decision to apply for unemployment benefits and represent to state authorities and prospective employers that he is able and willing to work should play absolutely no role in assessing his subjective complaints of disability" (internal quotation marks and citation omitted)); *Jernigan v. Sullivan,* 948 F.2d 1070, 1074 (8th Cir. 1991) (explaining that the claimant's application for unemployment benefits "may be some evidence, though not conclusive, to negate his claim that he was disabled"). As the Magistrate Judge correctly explained, then, Plaintiff's receipt of unemployment benefits was among the body of evidence that the ALJ could consider in assessing her credibility, and there is no indication that the ALJ gave this consideration undue weight in making this assessment.

Finally, Plaintiff argues that the ALJ placed undue reliance on her limited daily activities as a basis for discounting her credibility. As observed by the Magistrate Judge,

---

[1] In citing this case in her objections, Plaintiff fails to note that she is relying on a dissenting opinion.

3

however, the ALJ "never equated [Plaintiff's] daily activities with a full work day," but merely "took her activities into consideration when assessing her credibility." (R & R at 12.) While this and the other evidence in the record could have supported a different credibility assessment than the one made by the ALJ, the Magistrate Judge correctly explained that it is enough that "there is sufficient evidence to support" the ALJ's determination on this point. (*Id.* at 13.)

The Court, like the Magistrate Judge, acknowledges that the ALJ "could have been more specific on the reasons he used to discredit Plaintiff's testimony concerning her level of pain" and limitations. (*Id.*) Nonetheless, the "divide and conquer" approach pursued in Plaintiff's objections — *i.e.,* arguing that this or that factor, standing alone, would not warrant discounting Plaintiff's credibility — overlooks the fact that, as the Magistrate Judge concluded, the record as a whole provides a sufficient foundation for the ALJ's credibility determination. Under these circumstances, this determination cannot be overturned.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's February 18, 2009 Report and Recommendation, as supplemented by the foregoing rulings, is ADOPTED as the opinion of this Court.  IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (docket #9) is DENIED, and that Defendant's motion for summary judgment (docket #10) is GRANTED.

                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated: August 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 1, 2009, by electronic and/or ordinary mail.

                              s/Ruth Brissaud
                              Case Manager